IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DESMOND JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-cv-05295 ) |
| BLOOMIN' BRANDS, INC., | ) Judge Andrea R. Wood ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Desmond Jones was dining with his family at an Outback Steakhouse ("Outback") in Orland Park, Illinois, when the glass mug holding his drink broke into pieces, severely injuring his hand. As a result, Jones sued Outback's owner and operator, Defendant Bloomin' Brands, Inc. ("BBI"), in the Circuit Court of Cook County, asserting one claim for negligence under Illinois state law. BBI removed Jones's case to this Court based on federal diversity jurisdiction.[1] 28 U.S.C. § 1332. Before the Court is BBI's motion to dismiss Jones's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) For the reasons provided below, the motion is denied.

### BACKGROUND

Because BBI has moved to dismiss the complaint under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in Jones's complaint and view those facts in the light most favorable to Jones as the nonmoving party. *Bell v. City of Country Club Hills*, 841 F.3d 713, 716 (7th Cir. 2016).

---

[1] Jones is a citizen of Illinois while BBI is a citizen of Delaware and Florida. (Notice of Removal ¶¶ 3, 4, Dkt. No. 1). In addition, BBI alleges an amount in controversy greater than $75,000 based on, among other things, correspondence from Jones's counsel setting forth Jones's claimed damages and settlement demand. (Notice of Removal, Ex. C, Dkt. No. 1-3.)

As alleged, BBI is incorporated in Delaware and principally operates in Florida. (Notice of Removal ¶ 4, Dkt. No. 1.) On October 7, 2018, Jones, an Illinois resident, visited BBI's Outback restaurant in Orland Park with his family for a birthday celebration. (*Id.* ¶ 2; *id.* at Ex. A, Compl. ¶ 8, Dkt. No. 1-1.) A waitress served Jones water with lemon in a glass mug. (Compl. ¶¶ 9–10.) After taking a sip, Jones placed the mug on the table and it broke into several pieces. (*Id.* ¶¶ 14–15.) One of the shards of glass severely cut Jones's left index finger, resulting in Jones needing surgery and other medical treatment. (*Id.* ¶¶ 15–16.) Jones claims that unknown to him, the glass mug contained a defect that made it unsafe and prone to breaking. (*Id.* ¶ 12.) He also alleges that BBI failed to inspect the mug properly before serving it to him. (*Id.* ¶ 23.) Accordingly, he has sued BBI, asserting one count of common law negligence.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While there is no bright-line test for facial plausibility, the standard requires the pleadings to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Although a complaint need not contain detailed factual allegations, a plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 716–17 (quoting *Twombly*, 550 U.S. at 555).

As a federal court sitting in diversity, this Court applies federal procedural rules and state substantive law. *Goesel v. Boley Int'l (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010) (internal quotation marks omitted). Thus, the Court applies Illinois law to Jones's negligence claim.

To state a claim for negligence under Illinois law, the plaintiff must plead facts sufficient to establish that the defendant owed the plaintiff a duty of care, the defendant breached that duty, and the plaintiff suffered an injury proximately caused by the breach. *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006). Jones's allegation that he suffered his injuries while dining at BBI's restaurant (*see* Compl. ¶ 7) is sufficient to plead the first element: that BBI owed him a duty of care. All restaurants and other businesses have a general duty to protect their invitees from unreasonable risks of physical harm. *See Marshall*, 856 N.E.2d at 1058. Jones also alleges that when the glass mug broke, it severely injured his hand (Compl. ¶¶ 15–16), and so he has pleaded the third element as well. Thus, the only element at issue is whether Jones has pleaded facts sufficient to suggest that BBI breached its duty of care.

BBI asserts that Jones has only alleged facts that are consistent with—but do not plausibly suggest—a breach of duty. First, it challenges Jones's allegation that the glass broke because it was defective as "speculative" because Jones has not described the nature of the defect. Therefore, BBI concludes, it is just as likely that Jones caused the glass to break as it is that the glass was defective. But Jones specifically alleges that the mug "contained a defect in the glass that made [it] unsafe and prone to breaking." (Compl. ¶ 12.) This is a factual allegation regarding the mug that is entitled to deference at the pleadings stage. Jones also asserts that he "set the mug

down on [the] table," and the reasonable inference to make in his favor on that allegation is that he put down the mug in a normal manner—one that would not typically cause a glass mug to shatter. (*Id.* ¶ 14.) Finally, Jones has pleaded that BBI was responsible for the mug's defect because it failed to prevent damage to the mug. (*Id.* ¶ 23.) His allegations plausibly establish that BBI is at fault for his injury.

BBI contends that Jones must plead more detail about the nature of the mug's defect, citing *Weddle v. Smith & Nephew, Inc.*, No. 14 C 09549, 2016 WL 1407634 (N.D. Ill. Apr. 11, 2016). But that case is inapposite. In *Weddle*, the plaintiff alleged that she had suffered pain caused by a piece of medical hardware implanted in her ankle, separate components of which had been manufactured by three separate companies. *Id.* at *2. The plaintiff alleged that a defective product manufactured by at least one of the three companies had injured her, but she did not assert that any particular one of the companies had caused her injuries. *Id.* The court noted that under the plaintiff's pleadings "it [was] equally impossible to discern whether all, some, or none of the defendants' products failed" and concluded that "it is not enough to say that the claim can go forward against all of the defendants because at least one of them must be liable." *Id.* at *3. No similar circumstances are present here—Jones has directly alleged which product was defective and has identified the defendant that he claims is responsible for failing to inspect it.

BBI also objects that Jones has not sufficiently pleaded that BBI had actual or constructive knowledge of the mug's defect. "Liability is imposed on a defendant who had actual or constructive notice of a dangerous condition that injured the plaintiff." *Olivarius v. Tharaldson Prop. Mgmt., Inc.*, 695 F. Supp. 2d 824, 832 (N.D. Ill. 2010) (citing *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir.1988)). Constructive knowledge is established where "the defect or condition existed for a sufficient amount of time that the defendant should have discovered it in

4

the exercise of reasonable care" or "the dangerous condition was part of a pattern of conduct or a recurring incident." *Id.* (citing *Culli*, 862 F.2d at 123).

To the extent that Jones must allege facts that plausibly establish constructive knowledge at the pleading stage, he has done so. Jones has pleaded that BBI "[f]ailed to exercise due care and precaution to prevent damage to its glass mugs" and "[f]ailed to properly inspect the glass mug served to [Jones]." (Compl. ¶ 23.) As such, Jones's pleadings suggest that BBI's failure to discover the defect in his mug was not a one-time mistake, but rather a broader failure tied to the restaurant's pattern of conduct. The cases that BBI cites in support of its position address the standard that a plaintiff alleging negligence must meet at the summary judgment stage of proceedings. *See Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481–82 (7th Cir. 2008) (holding that, at summary judgment, plaintiff's speculation as to length of time that dangerous condition had persisted did not create triable issue of fact); *Britton v. Univ. of Chi. Hosps.*, 889 N.E.2d 706, 708–09 (Ill. App. Ct. 2008) (granting summary judgment against plaintiff claiming negligence, where plaintiff presented no evidence of actual or constructive knowledge by defendant); *Holloway ex rel. Holloway v. Bd. of Trs. of Univ. of Ill.*, 45 Ill. Ct. Cl. 255, 258 (1992) (same). Although Jones would be required to make a stronger showing in response to a summary judgment motion, his pleadings suffice to state a claim.[2]

---

[2] BBI also contends that Jones cannot pursue a negligence claim under a *res ipsa loquitur* theory because he has not indicated his intent to do so in his Complaint. Because Jones has stated a claim for negligence without relying on that theory, the Court does not reach the issue. That said, Jones is free to pursue alternate legal theories going forward: "a plaintiff need not plead legal theories . . . [and] when a plaintiff does plead legal theories, it can later alter those theories." *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 900 F.3d 529, 540–41 (7th Cir. 2018) (internal quotation marks and citations omitted). The Court also does not reach the parties' discussion of products liability negligence standards because Jones disclaims any intention of bringing a products liability claim. (Pl.'s Resp. at 5–6, Dkt. No. 18.)

## CONCLUSION

For the foregoing reasons, BBI's motion to dismiss Jones's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 13) is denied.

ENTERED:

Dated: September 30, 2021

_____
Andrea R. Wood
United States District Judge